# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED DUANE TUGGLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-77-T |
| | ) |
| CHEROKEE COUNTY, *et al*., | ) |
| | ) |
| Respondents. | ) |

## ORDER

On April 18, 2005, the Court entered an Order denying Petitioner's request for an order *nunc pro tunc*.[1] In the April 18, 2005, Order, the Court declined to adopt the Magistrate Judge's recommendation that Petitioner's petition (Doc. No. 1) be construed as a request for habeas relief under 28 U.S.C.A. §2254 as Petitioner "strongly object[ed]" to such as construction. Accordingly, the Court denied Petitioner's requested relief and dismissed his Petition. On April 25, 2005, Petitioner filed a "Motion for Reconsideration."

> The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b). These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). See Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703-04 (10th Cir.1988) ("post-judgment motions filed within ten days of the final judgment should, where possible, be construed as Rule 59(e) motions"). If the motion is served after that time it falls under

---

[1] As more fully set forth in the Court's April 18, 2005, Order, Petitioner sought an order from this Court correcting nunc pro tunc the records of the District Court of Cherokee County, Oklahoma. Petitioner's request for an order nunc pro tunc was denied as Petitioner failed to identify any authority which would permit this Court to "correct" the records of another court.

Rule 60(b).  See Wilson v. Al McCord, Inc., 858 F.2d 1469, 1478 (10th Cir.1988) ("Because more than ten days had elapsed before the filing of the motion to reconsider, we construe it as a motion pursuant to Fed.R.Civ.P. 60(b)(6). . . .") (citation omitted).

Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  In this case, since Petitioner's motion was filed within ten days of the Court's April 18, 2005, Order, it will be construed as a motion to alter or amend the judgment under Fed.R.Civ.P.59.  Id.

Upon review of the motion, the Court concludes that Petitioner has failed to identify any legal error warranting alteration or amendment of the Court's April 18, 2005, order.  As set forth in the April 18, 2005, order, Petitioner has failed to identify any legal authority permitting the Court to enter an order *nunc pro tunc*.  *Supra*, note 1.

Moreover, Petitioner's apparent decision to abandon his strong objection to the Magistrate Judge's recommendation that his Petition be construed as a §2254 motion is untimely.  Petitioner was given three weeks to consider the Magistrate Judge's Report and Recommendation, conduct legal research and file his objection thereto.  Petitioner has identified no legal authority which would permit him to completely change his position once an adverse ruling was entered against him.  Accordingly, the Court declines to reconsider the April 18, 2005, decision to not construe Petitioner's petition as a second or successive request for habeas relief under 28 U.S.C.A. §2254.

For the foregoing reasons, Petitioner's "Motion for Reconsideration" (Doc. No. 11) is DENIED.

IT IS SO ORDERED this 28th day of April, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE

2